[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 20-12063

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANK J. BALLESTEROS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:11-cr-20698-RNS-3

_____

Before WILLIAM PRYOR, Chief Judge, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Frank Ballesteros appeals the denial of his motion for compassionate release. 18 U.S.C. § 3582(c)(1)(A). The district court ruled that Ballesteros failed to identify extraordinary and compelling reasons for early release, U.S.S.G. § 1B1.13, and, in the alternative, that the statutory sentencing factors weighed against granting his motion, 18 U.S.C. § 3553(a). We affirm.

We review the denial of a motion for compassionate release for abuse of discretion. *United States v. Harris*, 989 F.3d 908, 911 (11th Cir. 2021). "A district court abuses its discretion if it applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *Harris*, 989 F.3d at 911 (quoting *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019)).

A district "court may not modify a term of imprisonment once it has been imposed" except under certain circumstances. 18 U.S.C. § 3582(c); *see United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). Section 3582(c), as amended by the First Step Act, gives the district court discretion to "reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable" if a reduction is warranted for "extraordinary and

compelling reasons" and "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The district court may deny a motion to reduce because no "extraordinary and compelling reasons" exist or because relief is inappropriate based on the statutory sentencing factors. *United States v. Tinker*, 14 F.4th 1234, 1237–38 (11th Cir. 2021).

We need not address Ballesteros's argument that the statutory sentencing factors weighed in favor of a sentence reduction because we can affirm on the alternative ground that he failed to establish an extraordinary and compelling reason to justify an early release. Ballesteros argued that his age and history of pneumonia, asthma, and hypertension increased the risk that COVID-19 would make him seriously ill. The district court found that Ballesteros "only . . . had [penumonia] at some point in the past," that he "included [no] facts on the severity of his asthma or hypertension . . . [to suggest they were] acute . . . [enough to] release . . . [him] after serving only 35% of his sentence," and that being "over the age of 50" did not "entitle . . . [him] to be released." *See Harris*, 989 F.3d at 912; U.S.S.G. § 1B1.13 cmt. n.1. The district court also found Ballesteros's concerns about possible exposure to COVID-19 disingenuous because he proposed to resume practicing medicine to fight the virus and because he "twice abused his position as a doctor, . . . used his medical license to harm the community by making dangerous drugs available to people who do not need them," and "fueled the already-devastating opioid crisis for his own person[al] gain."

Ballesteros argues that "the district court failed to provide a clear and sufficient basis" for its decision, but it plainly relied on the policy statement in section 1B1.13 of the Sentencing Guidelines. The district court stated that Ballesteros's "assertions [were] insufficient to show that 'extraordinary and compelling circumstances' compel[led] his release. 18 U.S.C. § 3582(c)(1)." Because "district courts may not reduce a sentence under Section 3582(c)(1)(A) unless a reduction would be consistent with 1B1.13," *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), the district court did not abuse its discretion when it denied Ballesteros's motion.

We **AFFIRM** the denial of Ballesteros's motion for compassionate release.